IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN L. MORTON,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:14-CV-0960-P-BK |
| § | | |
| **C. HALL,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a county jail inmate, filed a *pro se* complaint against Police Officer C. Hall of the Cleburne Police Department. For the reasons that follow, this action should be dismissed for want of prosecution.

### I. BACKGROUND

On March 18, 2014, the Court issued a deficiency order requiring Plaintiff to submit a complaint on the enclosed form and a motion to proceed in forma pauperis or the $400 filing fee. [Doc. 5]. The Court also issued a questionnaire inquiring about the claims alleged in the complaint. [Doc. 6]. On March 26, 2014, the Clerk of the Court re-mailed both orders to Plaintiff's new address [Doc. 7], but the deadline for Plaintiff's response remained April 15, 2014. As of the date of this recommendation, Plaintiff has not responded to the Court's deficiency order and the questionnaire, nor has he sought an extension of time to do so.

### II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order and questionnaire. He has impliedly refused or declined to do so.  Therefore, this action should be dismissed without prejudice for lack of prosecution.  See FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution and that Plaintiff's motion to proceed *in forma pauperis* [Doc. 3] be **DENIED** as moot.

SIGNED April 25, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE